**MacARTHUR AREA CITIZENS ASSOCIATION, Appellant,**

v.

**REPUBLIC OF PERU, et al.**

No. 85–5828.

United States Court of Appeals, District of Columbia Circuit.

Argued June 5, 1987.

Decided July 10, 1987.

Robert J. Higgins, Washington, D.C., for David R. Addis and Jeffrey M. Johnson.

Before BORK and STARR, Circuit Judges, McGOWAN, Senior Circuit Judge.

Opinion of the Court filed by Circuit Judge STARR.

STARR, Circuit Judge.

This is the second phase of our visit to this case, which began as a dispute over the purchase of certain real estate by the Republic of Peru for use as a chancery by its naval attache. Our prior opinion, reported at 809 F.2d 918 (D.C.Cir.1987), disposed of the substantive issue in the case, namely whether the Republic of Peru was entitled to immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602–1611 (1982), from a suit brought by a local citizens' group alleging violations of the District of Columbia zoning laws.

In that opinion, we briefly discussed the submission of a brief by the real estate defendants on appeal. Although the brief was styled, "Brief of Appellees Shannon & Luchs and Laura Astiz," (hereinafter Shannon & Luchs) we expressed the view that Shannon & Luchs was not in fact an appellee in this action. We further observed that the purported "appellees' brief" was given over entirely to seeking sanctions against appellant for "pursuing what Shannon & Luchs earnestly believes to be frivolous litigation." *Id.* at 924. Nothing was said in the brief about the merits of the case, save for a single footnote embracing the legal position of the Republic of Peru.

In view of those unusual circumstances, we issued an order to show cause why sanctions should not be imposed. In response, Shannon & Luchs filed a statement setting forth an explanation of its actions and requesting a hearing pursuant to Federal Rule of Appellate Procedure 46(c) before any sanctions were imposed. On June 5, 1987, this court held that hearing. After

further reflection, we are now persuaded, for the reasons that follow, that no action as to disciplinary measures is warranted.*

■ *First.* We are satisfied, upon analysis, that Shannon & Luchs was initially an appellee in this action. The notice of appeal filed by appellant was general in nature, appealing from "the Order dismissing the Complaint in this action on June 21, 1985." Notice of Appeal, *reprinted in* Statement of David R. Addis and Jeffrey M. Johnson in Response To Order To Show Cause at 2 (Feb. 10, 1987). In that order, the District Court dismissed appellant's claim against the Republic of Peru (on Foreign Sovereign Immunities Act grounds) and dismissed the claim against Shannon & Luchs (albeit without prejudice) by refusing to exercise pendent jurisdiction. This general notice of appeal plainly would have led Shannon & Luchs to the conclusion that appellant was challenging the dismissal of the claims against it; indeed, there was nothing to indicate to the contrary.

Then, however, appellant's opening brief (filed some six months later) clearly stated that appellant was *not* challenging that portion of the District Court's order pertaining to Shannon & Luchs. *See* Brief of Plaintiff/Appellant MacArthur Area Citizens Association at 6 ("MacArthur does not here question that final aspect [pertaining to Shannon & Luchs] of the district court's ruling."). This position was subsequently confirmed in appellant's reply brief. *See* MacArthur Reply to Shannon & Luchs' Brief. These representations by counsel put Shannon & Luchs on notice that no contentions were being advanced against it on appeal; at the same time, however, it is unclear whether they sufficed to alter Shannon & Luchs' legal status as an appellee in the case.

Under these circumstances, where appellant elected not to press any contentions against Shannon & Luchs in this court, the appropriate action by appellant obviously would have been to dismiss its appeal as to Shannon & Luchs, rather than haling these parties into the Court of Appeals and then belatedly maintaining that it was choosing not to assert any claims or contentions against them. In the absence of such action, the obvious tension between the general notice of appeal and the specific, twice-made representation by appellant that it was *not* appealing as to Shannon & Luchs renders the situation rather murky for us to determine with complete certainty whether Shannon & Luchs in fact remained an appellee. Fortunately, we need not come to a final conclusion on this procedural question. Rather, under this situation, we simply vacate that portion of our original opinion stating that Shannon & Luchs was not an appellee.

*Second.* After a presentation on behalf of David R. Addis and Jeffrey M. Johnson at the June 5 sanctions hearing, we are convinced that these two lawyers acted in good faith. *Cf. MacArthur Area Citizens Ass'n,* 809 F.2d at 924 n. 6 (acknowledging understandable motivations of Shannon & Luchs for participating). Good faith, to be sure, does not excuse improper conduct, nor insulate attorneys from sanctions. *Cf.* Fed.R.Civ.P. 11, Advisory Committee Note ("The standard is one of reasonableness under the circumstances.... This standard is more stringent than the original good-faith formula."). But in the entirety of the circumstances of this case, as adumbrated above, we are satisfied that no sanction is appropriate.

■ *Third.* Despite counsel's good faith, we remain emphatically of the view that counsel erred in filing as an "appellee's brief" what amounted to a motion for sanctions, with virtual silence on the merits of the case. That is not to say that Shannon & Luchs could not have pressed for sanctions, including the very sanctions they sought—"attorneys' fees associated with *this* appeal and double costs." Brief of Appellees Shannon & Luchs and Laura Astiz at 14 (emphasis added), *quoted in MacArthur Area Citizens Ass'n,* 809 F.2d at

---

* In a separate order, filed contemporaneously with this opinion, we have sanctioned appellant's counsel for the filing of a frivolous motion seeking to intervene in this proceeding. The two disciplinary proceedings, however, are distinct and present different issues.

924. But any such plea should have been made in a filing such as a motion for sanctions, accompanying (or included within) a motion to dismiss the appeal. *Cf.* Fed.R. App.P. 38. The court's time should not have been taken up studying a purported appellees' brief, presumably on the merits, that said nothing (save for an unredeeming footnote) on the merits.

Thus, while we conclude that Shannon & Luchs was indeed an appellee (at least at the outset) and that its attorneys acted in good faith, we remain convinced that the "appellees' brief" was inappropriate. Accordingly, that brief will remain stricken from the record of this appeal. The portion of our earlier opinion pertaining to Shannon & Luchs will therefore stand, save for the statements therein that Shannon & Luchs was not an appellee. An appropriate amendatory order will be issued herewith to accomplish that correction.

*It is so ordered.*

### ORDER

PER CURIAM.

In an opinion issued contemporaneously with this order, we have explained why no disciplinary action is warranted as to counsel for appellees Shannon & Luchs and Laura Astiz (hereinafter collectively referred to as Shannon & Luchs). We also stated that we were in error in our prior opinion in this case, set forth at 809 F.2d 918 (D.C.Cir.1987), in indicating that Shannon & Luchs was not in fact an appellee.

Accordingly, it is hereby ORDERED, by this court, that our previous opinion, reported at 809 F.2d 918, is modified as follows:

1. In the carryover paragraph at the top of page 924 of 809 F.2d, the following sentences shall be deleted:

    "Nor was any appeal taken by the Association from that dismissal. There was thus no foundation in law or fact for Shannon & Luchs to participate as a party in the present appeal."

2. In the last sentence of the carryover paragraph at the top of page 924 of 809 F.2d, the following words shall be deleted: "legal basis or."

3. In footnote six (6) on page 924 of 809 F.2d, the last sentence, which reads as follows, shall be deleted:

    "Having chosen to do neither, Shannon & Luchs cannot impose itself upon this court, save obviously, as *amicus curiae.*"

